**ORIGINAL**



Judith Studer
Rick L. Koehmstedt
SCHWARTZ, BON, WALKER & STUDER, LLC
141 S. Center, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Fax (307) 234-5099

Attorney For Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RICHARD V. GOSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) Case No. 02 CV 195J | |
| ) | |
| THE CITY OF DOUGLAS, WYOMING; ) | |
| KENNETH TAYLOR; JAMES SCHNEIDAR; ) | |
| BRAIN SWEENEY; SANDY HUMPHREY; ) | |
| SHERRI MULLINNIX; FRED W. DILTS III; ) | |
| AND BOBBE FITZHUGH, ) | |

## MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DESIGNATION

COME NOW defendants, by and through their undersigned counsel, and request that the Court strike plaintiff's expert witness designation for violation of this Court's Pretrial Order entered February 12, 2003.

1. The Order on Initial Pretrial Conference (Pretrial Order), entered February 12, 2003 in this matter, required plaintiff to designate experts on or before May 2, 2003.

2. The Pretrial Order also required the plaintiff to provide defendants with a complete summary of the testimony of each expert. The summaries must have included a comprehensive statement of the experts opinion on the basis for the opinions.

3. Plaintiff failed to designate his experts by May 2, 2003. Indeed, plaintiff's expert witness designation indicates that plaintiff's designation was not served until May 13, 2003.

4. Plaintiff's expert witness designation was not received by defense counsel until May 19, 2003. All mail in counsel's office is stamped the day it is received. Plaintiff's expert witness designation was date stamped on May 19, 2003, the day it was received. A copy of the stamp indicating the date the expert witness designation was received by defense counsel is attached as Exhibit A.

5. Due to plaintiff's refusal to comply with the Pretrial Order, defense counsel is without sufficient time and is unable to designate all necessary witnesses by June 6, 2003. Accordingly, the defense is severely prejudiced by plaintiff's willful refusal to comply with the Order of this Court. Nonetheless, defendants will make a good faith effort to designate experts, in compliance with this Court's Pretrial Order, on June 6, 2003.

6. Plaintiff's expert witness designation also violates the Order by failing to provide defendants with a complete summary of the expert testimony as well as the basis for each opinion. At best, plaintiff's expert witness designation contains general areas of

testimony, without any specific opinions identified.[1] Accordingly, plaintiff's refusal to provide a summary of testimony, as well as a basis for the opinions of each expert, is a violation of the Pretrial Order. *See also Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). Moreover, defendants are unable to rebut plaintiff's experts, as it is not clear what plaintiff's experts are going to say.

7. This Court should strike plaintiff's expert witness designation for failure to comply with the Court's Order on Pretrial Conference.

8. The Federal Rules of Civil Procedure specifically allow this Court to enter sanctions, including the relief requested herein, for plaintiff's willful refusal to comply with the Pretrial Order. *See* Fed. R. Civ. P. 16 (f) and Fed. R. Civ. P. 37 (b).

9. In the alternative, if the Court is not inclined to strike plaintiff's expert designation, the Court should allow defendants additional time to list rebuttal experts in this matter, once plaintiff has properly designated the testimony of experts.

10. Counsel for defendant represents that he has consulted with plaintiff, and discussed the matters contained herein. Plaintiff indicated that he objects to this motion.

WHEREFORE, defendant respectfully requests that this Court strike plaintiff's expert witness designation for failure to comply with this Courts Order on Pretrial Conference, and for failure to provide a complete summary of the expert's testimony, and

---

[1] Plaintiff did designate the specific testimony, in part, of proposed expert Bobbie Larson. In this regard, Plaintiff identified that Ms. Larson would testify that she anticipates selling the subdivision lots for $35,000 or $25,000, to be supported by comparable sales. However, it must be noted that the comparable sales allegedly used by Ms. Larson, were not provided to defendants.

the basis for the expert's opinions. In the alternative, defendant respectfully requests that this Court grant additional time for defendants to list rebuttal experts which may be necessary in this matter.

RESPECTFULLY SUBMITTED this ___ day of June, 2003

Rick L. Koehmstedt
SCHWARTZ, BON, WALKER & STUDER, LLC
141 S. Center, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Fax (307) 234-5099

## CERTIFICATE OF SERVICE

This is to certify that on the ___ day of June, 2003, at Casper, Wyoming, the undersigned served the within and foregoing *Motion to Strike Plaintiff's Expert Witness Designation* upon counsel by depositing a true and correct copy thereof, in the United States mail, postage prepaid and properly addressed to:

Richard Gose
PO Box 3998
Prescott, AZ 86302

Rick L. Koehmstedt

RECEIVED
MAY 19 2003
505 CONROY BLDG