Richard V. Gose, Attorney at Law
P. O. Box 3998
Prescott, Arizona 86302
(928) 632-4181
A licensed Attorney for himself, the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RICHARD V. GOSE, a single man,<br><br>Plaintiff,<br><br>v.,<br><br>THE CITY OF DOUGLAS, WYOMING, KENNETH TAYLOR, JAMES SCHNEIDAR, BRIAN SWEENEY, SANDRA HUMPHREY, SHERRI MULLINNIX, FRED W. DILTS III and BOBBE FITZHUGH,<br><br>Defendants. | Civil No. 02 CV 195J |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S ANSWER BRIEF TO DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff and sets out to the Court that these Defendants have gone outside of the Plaintiff's Answer in the Defendant's Reply Brief and introduced certain new matters and therefore a Response to this Reply Brief of Defendants is absolutely necessary in order to respond to these new matters.

1. These Defendants have introduced a concept of this case not advanced by the Brief in Chief nor Answered by Plaintiff in his Answer that Plaintiff narrowed his claim for relief to a claim of procedural due process, through Plaintiff's response. This is a willful misrepresentation of the facts in this case for these Defendants are painfully aware that the following cases cited for Defendants argument, (a) TRICOUNTY PAVING v. ASHE COUNTY, 281 F.3d 430, 436 (4thCir.2002), (b) MARSHALL v. BOARD OF COUNTY COMMISSIONERS, 912 F.Supp. 1456 (D.Wyo.1996), (c) HYDE PARK COMPANY v. SANTA FE, 226 F.3d 1207 (10thCir.2000), (d) CITY OF EAST LAKE v. FOREST CITY ENTERPRISES, 426 U.S. 668, 677 (1976), (e) RUCKER v. HARFORD COUNTY, 946 F.2d 278, 281 (4thCir.1991), (f) JACOBS, VISCONSI & JACOBS, CO. v. CITY OF LAURENCE, 927 F.2d 111, 1119-1120 (10thCir.1991), (g) NORTON v. VILLAGE OF CORRALS, 103 F.3d 928 (10thCir.1996), (h) SMITHFIELD CONCERNED CITIZENS FOR FAIR ZONING v. TOWN OF SMITHFIELD, 907 F.2d 239, 243 (1stCir.1990) and (i) ROMERO v. FAY, 45 F.3d 1472, 1481 (10thCir.1995), are the only consequential cases cited and brief by Defendants to support their argument and were each and every one so willfully misrepresented to this Court by these Defendants that once Plaintiff had briefed these cases for their actual Court holdings, these Defendants did not have one case to support their arguments based upon their false use and willful misstatements of the above cases relied upon by Defendants. Plaintiff did not need to provide the Court with alternate cases

for the correct interpretation of the cases cited by Defendants was sufficient to destroy all of Defendants arguments.

Plaintiff did however, not only raise the procedural due process by these Defendants of not having given actual notice of this annexation, before using the authority arising out of the roadway being within the newly acquired city limits, by this annexation, to deny this Plaintiff he use of the County Road No. 56 by imposing a required expenditure of some $751,000.00 or in the alternate 1/3 million dollar required expenditure to improve an already existing public roadway, without a meaningful hearing to provide 5th and 14th Amendment Due Process and further, with these expenditures having no relationship whatever to the traffic generated by the 8 unit rural subdivision, the Cheyenne Subdivision, in violation of the 5th and 14 Amendments to the U. S. Constitution in violation of Title 24 Section 1983 of the U.S. Code. see DOLAN v. CITY OF TIGARD, 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed2d 304.

Plaintiff also raised the issues contained in Plaintiff's Answer Brief, setting out, "The Court has never previously determined that a proposed subdivision does not create a property right sufficient to warrant due process protection. The use of a person's land to lawfully develop it, whether it be a building permit or a subdivision approval is protected as is set out by the U. S. Supreme Court in NECTOW v. CITY OF CAMBRIDGE et al, 277 U.S. 183, 48 S.Ct. 447, and EUCLID v. AMBLER CO., 272 U.S. 365, 47 S.Ct. 114, as set out hereafter.".

Plaintiff also raised the issues derived from one of Defendants' cases, TRICOUNTY PAVING v. ASHE COUNTY, 281 F.3d 430, 436 (4th Cir.2002), which referred to the 4th Circuit Court case of SCOTT v. GREENVILLE COUNTY, 716 F.2d 1409, where the developer was found to have had his property interest "taken from him by manifest arbitrariness and unfairness" when the county failed to issue the developer a building permit for construction of low-income housing when the County's action was not related to any legitimate interest such as protecting the health or welfare of county residents. This Plaintiff also raised these issues separate from procedural due process by setting out in Plaintiff's Answer Brief, "The above North Carolina cases, cited by Defendants, finds that the right to a building permit is a property interest, which is consistent with the U. S. Supreme Court in NECTOW v. CITY OF CAMBRIDGE, 48 S.Ct. 447, 277 U.S. 183, an action for an injunction directing the City to issue a building permit, with 'The attack upon the ordinance is that, as specifically applied to Plaintiff in error, it deprived him of his property without due process of law in contravention of the Fourteenth Amendment'. The U. S. Supreme Court found in this case '***that the health, safety, convenience, and general welfare of the inhabitants of the part of the city affected will not be promoted by the disposition made by the ordinance of the locus in question' and ' That the invasion of the property of plaintiff in error was serious and highly injurious is clearly established; and, since a necessary basis for the support of the invasion is wanting, the action of the zoning authorities comes within the ban of the

Fourteenth Amendment and cannot be sustained.', 'Judgment reversed.'. This Court's finding also includes 'The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and, other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals or general welfare. <u>EUCLID v. AMBLER CO.</u>, 272 U.S. 365, 395, 47 S.Ct. 114.' There is no question but the law as set out by the U. S. Supreme Court is that the exercise of Plaintiffs right to develop his land in a lawful manner, there is a property right in the issuance of an approval of the Cheyenne Subdivision permit by this Plaintiff to assure the preservation of Plaintiff's rights to develop his land pursuant to the 5th and 14th Amendments to the U. S. Constitution and Title 24 Section 1983 of the U. S. Code, and other questions aside, restrictions cannot be imposed against the issuance of the subdivision permits for the Cheyenne Subdivision, if it does not bear substantial relation to the public health, safety, morals or general welfare.".

The above quotations from Plaintiff's Answer Brief make it clear that Plaintiff has not narrowed his claim for relief to a claim of procedural due process and Defendants' statement to that effect is clearly a false representation of material facts and a willful misrepresentation of these facts by these Defendants, in their Reply Brief filed as to this motion.

2. These Defendants' have introduced new evidence as to notification of Plaintiff of the Annexation of Clearfield East by publication, when the Answer Brief of Plaintiff merely pointed

out that the documents and notices by Defendants, attached to their Brief in Chief, did not constitute notice to Plaintiff of the annexation, on their face. This new evidence is not directed to actual notice, but to publication in a newspaper, and further does not address the necessity of a meaningful hearing dealing with the increased jurisdiction to oppose the Cheyenne Subdivision without expenditures of some $751,000.00 to improve an existing public roadway, as described by these Defendants in their City Council meeting in Exhibit "5" as deciding to force Plaintiff to pave this roadway at the excessive costs set out above rather than to gravel it along with the roadway in the County, for the City wanted it paved and did not wish to have to pave it themselves. One of the duties of the City of Douglas, Wyoming, set out in Wyoming Statute Section 15-1-402 (a) (iii), located in Exhibit "P", attached to Defendants' Reply Brief, which states, "The area sought to be annexed is a logical and feasible addition to the annexing city or town and the extension of basic and other services customarily available to residents of the city or town can reasonably be furnished to the area proposed to be annexed.", coupled with the authority of the City of Douglas set out in Wyoming Statute Section 15-1-103 (a) (xi) cited in Defendants' Brief in Chief to this Motion for Summary Judgment and characterized by Defendants as being exclusive jurisdiction granted to the City of Douglas to construct roads, though the statute does not state exclusive jurisdiction, it does grant jurisdiction to the City of Douglas, Wyoming to construct City Streets.

3. The problem raised by the City's authority to force the Plaintiff to improve a public roadway by levying a tax against this Plaintiff, is one for which the City has that responsibility to improve the public roadway, County Road No. 56, themselves, was raised by Defendants, themselves, and the cases cited, including <u>CHICAGO & ALTON RAILROAD CO. v. CITY OF JOLIET</u>, 19 Ill. 649, 654, 39 N.E. 1077, came from the law cases cited by Defendants in their Brief in Chief, which along with Black's Law Dictionary clearly shows this to be a tax by these Defendants, against Plaintiff.

## CONCLUSION

. These Defendants, by raising false allegations, that are known to be false when raised, as they have done in their Reply Brief, as set out above, and falsely rendering conclusions from the cases cited by Defendants, in their Brief in Chief, which was set out in Plaintiff's Answer Brief simply have to be responded to at any time when they are as flagrant as they are in this case and raise new matters not pled to in the answer of Plaintiff and a Responsive Brief to a Reply Brief is necessary in this case.

These Defendants should take nothing from their Motion for Summary Judgment for they have presented nothing to the Court to support their Motion for Summary Judgment, except for the flawed pleadings set out above.

RESPECTFULLY SUBMITTED,

*[signature]*

Richard V. Gose, Attorney at Law
Attorney for Plaintiff

## CERTIFICATION

Comes now the Plaintiff and certifies that he has mailed first class mail, post paid, a copy of these pleadings to opposing counsel, Rick L. Koehmstedt, 141 South Center Street, Suite 500, Casper, Wyoming 82601 on the 14th day of July, 2003.